UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case No.  1:21-cr-00264-WJ-1

-vs-

STEVEN SILGUERO,

        Defendant.

## ORDER DENYING OPPOSED MOTION FOR RECONSIDERATION OF DETENTIONION ORDER

**THIS MATTER** is before the Court on defendant Steven Silguero's Motion for Reconsideration of Detention Order, filed on April 1, 2021.  Doc. 23.  The government opposes Mr. Silguero's motion.  Doc. 24.  For the following reasons, the Court DENIES Mr. Silguero's motion.

On December 8, 2020, a criminal complaint was filed against Mr. Silguero, accusing him of being a felon in possession of a firearm and ammunition.  Doc. 1.  Mr. Silguero was taken into federal custody on December 29, 2020, and on January 5, 2021, the Court held both a preliminary hearing and a detention hearing.  *See* Doc. 11.  The Court detained Mr. Silguero, finding by clear and convincing evidence that Mr. Silguero was a danger to the community, and by a preponderance of the evidence that he was a flight risk.  Doc. 13 at 2.  The Court based its findings on Mr. Silguero's prior criminal history, his history of violence or use of weapons (including the evidence presented at the hearing that he had a loaded shotgun in his possession at a gas station on December 2, 2020), his history of alcohol or substance abuse, his prior failures to

appear in court as ordered, and his prior violations of probation, parole, or supervised release. *Id.* at 2–3. On March 12, 2021, a federal grand jury returned a one count indictment against Mr. Silguero charging him with being a felon in possession of a firearm and ammunition. Doc. 17.

On April 1, 2021, Mr. Silguero moved this Court to reconsider its order of detention because he had been accepted into an in-patient drug rehabilitation program. Doc. 23 at 1. He argues that his "history of drug addiction would be better addressed by this program," and that he has "a non[-]violent history of criminal activity primarily resulting from his use of drugs, including failures to appear," for which he "now understands and accepts responsibility." *Id.* He also says that the progress on his case has been slow because of the Covid-19 pandemic, and he believes that there "are considerable Fourth Amendment issues which may be dispositive of this case." *Id.* at 2. The government counters by arguing that all the relevant factors favor Mr. Silguero's continued detention. Doc. 24. The Court will deny Mr. Silguero's motion.

First, Mr. Silguero has not given the Court a reason to reconsider its original detention order. A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. Silguero has made no argument that the Court misapprehended anything at the original detention hearing, or that the Court clearly erred in detaining Mr. Silguero. Although a stretch, even if the Court reads Mr. Silguero's motion as arguing that his release is necessary to prevent manifest injustice, the Court still will deny the motion. Mr. Silguero's self-serving assurances that he now "understands and takes responsibility for" his prior criminal history, his prior failures to appear,

and prior probation violations are not enough to overcome the Court's findings that he is both a danger to the community and a flight risk.  Since 2008, defendant has been convicted of possession of marijuana with intent to distribute, conspiracy to commit armed robbery, receiving stolen property, use or possession of drug paraphernalia, conspiracy to traffic a controlled substance, trafficking a controlled substance, and aggravated battery against a household member.  Doc. 9 at 4–7.  In conjunction with these convictions, he has twice failed to appear for arraignments, twice failed to appear for scheduling conferences, failed to appear for a sentencing, and absconded from supervision.  *See id.*  He also has violated his probation multiple times by testing positive or admitting to drug use and consuming alcohol, failing to appear for drug testing, and failing to report police contact regarding a new offense.  *See id.*  In short, Mr. Silguero's record of complying with conditions of supervision is abysmal, and his criminal history—including his convictions for conspiracy to commit armed robbery, trafficking a controlled substance, and aggravated battery—belies his claim that he is not a danger to the community.

      Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Silguero] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  Although Mr. Silguero's acceptance into an in-patient drug treatment program arguably is new information that did not exist when the detention hearing took place, this development does not change the Court's assessment as to "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  *See id.*  As outlined

above, Mr. Silguero's criminal history in conjunction with his numerous failures to appear and failures to comply with conditions of supervision give the Court no assurance that he will adhere to conditions of release that would require him to reside in and successfully complete an in-patient drug treatment program.

    **IT IS THEREFORE ORDERED** that defendant Steven Silguero's opposed Motion for Reconsideration of Detention Order (Doc. 23) is denied.

    DATED this 15th day of April 2021

                                                                        _____
                                                                        Laura Fashing
                                                                        United States Magistrate Judge